UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ALLEN WILLIAMS**,

        Petitioner,

   v.

**JOHN SOTO**,

        Respondent.

Case No.  15-cv-04783-YGR

**ORDER DISMISSING PETITION FOR HABEAS CORPUS RELIEF WITH LEAVE TO AMEND**

Now before the Court is petitioner Allen William's petition for a writ of habeas corpus. (Dkt. No. 1, "Pet.")  The government as respondent has answered (Dkt. No. 22, "Answer" and 22-1, "Opp'n"), and petitioner has filed a traverse in reply (Dkt. No. 24, "Reply").  The petitioner asserts a violation of his constitutional right to present a full defense due to the trial court's rejection of exculpatory evidence in violation of the Supreme Court's ruling in *Chambers v. Mississippi*, and, in the alternative, petitioner argues his trial counsel rendered ineffective assistance ("IAC").  Based thereon, petitioner seeks a writ of habeas corpus.  For the reasons stated below, the petition for such relief is **DISMISSED WITH LEAVE TO AMEND.**

## I.   FACTUAL BACKGROUND

On February 4, 2013, a jury found petitioner guilty of "willfully and unlawfully inflicting a corporal injury resulting in a traumatic condition" upon his spouse ("Jane Doe" or "Doe") and of "committing an assault upon Jane Doe by means of force likely to cause great bodily injury." (Verdict Form, Opp'n Ex. 1 at 184, 186.)  The information charged against petitioner also included "numerous enhancement allegations," and he was sentenced to a term of thirty-nine years

to life in prison. *People v. Williams*, No. A-138275, 2014 WL 1465884, at *1 (Cal. Ct. App. Apr. 15, 2014), *review denied* July 23, 2014. In an unpublished opinion addressing the petitioner's *Chambers* and IAC claims on direct appeal, the state Court of Appeal set forth the following summary of facts:[1]

> On May 6, 2013, defendant's wife called 9-1-l for help. She told dispatchers she had just been attacked by her husband and was hiding in her neighbor's backyard. This information was relayed to Officer David Manion who was dispatched to their home in the City of San Mateo.
>
> On his arrival, the door to the house was open but Manion at first saw no one. He then observed defendant on the porch and when defendant started to enter the home, Manion stopped and handcuffed him. Defendant told the officer, "I was going to tum myself in" and "I was wrong, I admit it." Manion noticed defendant was bleeding from a cut on the back of his head. Defendant told Manion that his wife had hit him with a cane. Manion searched inside the home and observed blood on the wall, baseboard, carpet, and comforter of the master bedroom. Outside the home, in a garbage can located on the sidewalk, he found a bloodied wooden cane, a pillow, and a man's undershirt.
>
> When defendant's wife approached, with a swollen face and in apparent pain, she was rushed to the emergency room for medical attention. On the way to the hospital, she told the paramedic that her husband hit her with a closed fist multiple times. She had a broken jaw, missing teeth, oral lacerations, multiple fractured ribs, and bruising around her eye, chest, and arm.
>
> Defendant proffered testimony, which was excluded, that a few days after being discharged from the hospital, the wife spoke with her friend, Anne Savage, and told her "I don't like what I did, I put my husband in jail" and that she "started it."[2]

*Id.* The Court of Appeal affirmed the judgment of the jury (*id.* at 1), and the California Supreme Court denied review of the appellate court's decision on petitioner's *Chambers* and IAC claims on

---

[1] Footnote included below within the quoted excerpt of the Court of Appeal's opinion comes from the original, renumbered accordingly herein.

[2] The proffer was based on a statement by Savage related in a police report. In arguing for the admission of the statement defense counsel pointed out, "Ann [sic] Savage also attributes to Jane Doe the statement that her husband had been drinking and he said something offensive, she responded by grabbing a cane and striking him repeatedly over the head following which, quote, it was on, close quote."

2

July 23, 2014, *People v. Williams*, No. S-218741 (Cal. July 23, 2014) (Opp'n Ex. 9).  This federal habeas petition followed.

**II.     EXHAUSTION OF REMEDIES**

Courts must "dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted," *Rose v. Lundy*, 455 U.S. 509, 528–29 (1982), or deny the unexhausted claims on the merits if they contain no colorable federal claims, *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

Respondent has argued that petitioner has brought three unexhausted claims, namely petitioner failed to present his claims that (i) the state court's exclusion of Doe's statements to Kelly Graham violated his right to present a defense under *Chambers*; (ii) the failure to seek admission of Doe's statements to Graham constituted IAC; and (iii) cumulative errors pervaded the trial.  (Answer 2–3.)  Respondent argues that ruling on the merits here would be appropriate as none of the unexhausted claims have any colorable federal claims, or in the alternative dismiss the entire petition.  (*Id.*)  Petitioner concedes that his cumulative error claim was not exhausted in the state courts and has thus asked for leave to amend his petition to delete this unexhausted claim.

With respect to Doe's hearsay statements to Graham, petitioner does not contend that he directly raised claims relating to Doe's hearsay statements to Graham.  Rather, petitioner argues that such claims have been exhausted because the "legal bases for the claims were articulated in the due process and IAC arguments related to the Savage testimony."  (Reply 3.)  Thus, argued petitioner, because the "Savage and Graham claims are essentially factually and legally identical, the arguments that the exclusion of Savage's testimony violated constitutional rights necessarily implied the same violations with respect to the Graham testimony."  (*Id.* (citing *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008)).)  In fact, petitioner asserts that he "described in detail the Graham testimony (and noted its similarity to the Savage testimony) and the trial court's related evidentiary rulings" in his briefs to the California Court of Appeals and California

3

1   Supreme Court. (Reply 3 (citing Pet. Ex. B at 7–8, 11).) In the alternative, relying on Ninth

2   Circuit precedent, petitioner argues that he has a "right to amend his petition to delete his []

3   unexhausted claims" and that the Court should give him leave to do so. (Reply 3 (citing *James v.*

4   *Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000)).)

5   As a threshold matter, the Court decides whether petitioner's habeas claims relating to

6   Graham's testimony are essentially factually and legally identical to his habeas claims relating to

7   Savage's testimony such that the purported violations with respect to Graham's testimony should

8   be considered exhausted. As reported by Graham, shortly after the incident and after Doe had just

9   been discharged from the hospital, Doe told Graham:

> [On the day of the incident], her husband had been drinking and was a "little belligerent." Following an exchange of words, he pushed her, causing her to fall against a window seat. She responded by grabbing a cane, then striking him over the head. As described by [Doe], "I guess I didn't hit him hard enough, because he grabbed it and hit me back."

(Pet. Ex. C at 6.) As reported by Savage, at some time not long after Doe had been discharged

from the hospital, Doe told Savage on the telephone:

> [Doe] was remorseful of the incident, preceding her explanation with something similar to "I don't like what I did . . . I put my husband in jail." She then admitted that she "started it." . . . She explained that she went to their home to retrieve some items. According to [Doe], her husband had been drinking, and he said something offensive. She responded by grabbing a cane and striking him repeatedly over the head, following which "it was on."

(Pet Ex. C at 9.)

Petitioner is correct that certain claims can be "sufficiently related" or "intertwined" such

that the exhaustion of one claim amounts to exhaustion of another. (Reply 3.) "Claims are

'sufficiently related' or 'intertwined' for exhaustion purposes when, by raising one claim, the

petition clearly implies another error." *Wooten*, 540 F.3d at 1025. Under *Wooten*, a "claim is not

'fairly presented' if the state court 'must read beyond a petition or a brief . . . in order to find

material' that alerts it to the presence of a federal claim." *Id.* (citation omitted). Additionally, this

4

"exception does not apply when language in a petition for review indicates a petitioner's 'strategic choice' not to present an issue for review." *Id.*

First, the Court recognizes that Doe's statements to Graham and Savage are very similar to each other and raise the same legal and constitutional issues. The Court also recognizes, on the other hand, that the circumstances surrounding each statement differ, and so each may have different consequences. For instance, the statement to Graham was closer in time to the incident, and included the additional detail that petitioner pushed Doe, causing her to fall to the ground. Additionally, Doe's statements to Graham do not include Doe's statement of remorse to Savage about causing her husband to go to jail, which the Court of Appeal viewed as weighing against a finding that her statements to Savage were sufficiently reliable. *See Williams*, 2014 WL 1465884, at *3. Were this the only issue though, the Court may have been inclined to consider the claims with respect to Graham's proffered testimony as sufficiently exhausted because they would have been based on similar legal issues as the Savage claims, and both the California Court of Appeal and California Supreme Court were, by virtue of petitioner's briefs, aware that Graham's testimony had also been excluded on largely the same grounds as Savage's testimony.

However, it appears from the state court briefs that petitioner made a strategic choice not to present the issues relating to Graham's proffered testimony for review, which would preclude the Court's consideration of the Graham claims as exhausted by virtue of their relationship to the Savage claims. *See Wooten*, 540 F.3d at 1025 (stating that the exception to the exhaustion rule does not apply when the petition for review "indicates a petitioner's 'strategic choice'"). Petitioner described Graham's proffered testimony and the trial court's decision to exclude the testimony in his briefs to the state courts, but chose not present it to the Court of Appeal or the California Supreme Court for review when petitioner could have done so, especially if, as petitioner contends, the factual and legal issues are virtually identical. (Pet. Ex. B at 3, 7–8, 11 (petitioner's brief to the Court of Appeal characterizing Savage's testimony as providing evidence

5

that Doe began the argument "without any physical provocation on petitioner's part, hitting petitioner multiple times . . . with a wooden cane"); Opp'n Ex. 4 at 4–5, 9–10 (petitioner's brief to the California Supreme Court acknowledging that the statements are similar except that Doe's statement to Graham asserts that petitioner "initially pushed [Doe]").  The Court thus finds that petitioner's due process and IAC claims related to Graham's testimony are unexhausted.

The Ninth Circuit has held that a "federal habeas petitioner has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal." *James*, 221 F.3d at 1077.  This result is exactly what petitioner seeks here.  Thus, the Court **DISMISSES** the petition with leave to amend to include only the exhausted claims.  Petitioner is **ORDERED** to file an amended petition within ten (10) business days of this Order.  Respondent must file an answer within fourteen (14) business days from the filing of the amended petition, and petitioner must file a traverse within fourteen (14) business days of the filing of respondent's answer.

**IT IS SO ORDERED.**

Dated:  May 31, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**